IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAVIS J. GOBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-0925-C |
| | ) | |
| MICHAEL W. ROACH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Before the Court are (1) Plaintiff's Motion for Leave to File Amended Complaint (Dkt. No. 28), (2) Plaintiff's Objection to, and Request for Reconsideration of, Magistrate Judge's Orders, or in the Alternative, Notice of Appeal (Dkt. No. 33) and (3) Plaintiff's Application to Stay Proceedings Pending Disposition of Magistrate's February 12, 2019 Orders (Dkt. No. 34). Defendants have filed their response (Dkt. No. 36), and Plaintiff filed a reply (Dkt. No. 37). The Motions are now at issue.

Plaintiff is currently an inmate within the custody of the Oklahoma Department of Corrections, where he is serving a life sentence. (Dkt. No. 1-1, p. 8.) He initiated this lawsuit against Defendants because, in his view, they are improperly recording his actual time served in prison, which could affect his eventual eligibility for parole. (Id. at 4.) This case was initially presented to the Court as a civil rights case and assigned to the Magistrate Judge for pretrial proceedings. After Defendants moved to dismiss his Complaint, their motion was denied as moot because Plaintiff was ordered to reclassify his claims as habeas

in nature. See Orders (Dkt. Nos. 27, 29). Plaintiff now moves to stay the case and urges this Court to review the matter.

The Magistrate Judge concluded that Plaintiff's case is habeas in nature, thus more properly arising under 28 U.S.C. § 2241. (See Dkt. No. 27.) Plaintiff, however, disagrees and maintains that his case is more properly characterized as a civil rights complaint under 42 U.S.C. § 1983. (See Dkt. Nos. 33, 34.) Defendants agree with the Magistrate Judge that Plaintiff's claims are habeas, and further contend that the Judge's Order was not dispositive. (Dkt. No. 36, p. 4.) As a result, in Defendants' view, any request from Plaintiff for review of that Order should be denied. (Id.)

Upon review, the Court finds that, at the very least, Plaintiff should be allowed to file his Amended Complaint before the Court. At that point, Defendants would be free to either file an answer or present grounds for dismissal, the Magistrate would be free to order the parties to show cause regarding the case's status as a § 1983 action, and Plaintiff would be permitted to offer responses on the merits. The Court finds that this will provide all parties the opportunity to weigh in on this question. Accordingly, the Court will grant Plaintiff leave to file his Amended Complaint.

The Court also finds that Plaintiff's request for a stay is moot. While Plaintiff has sought review before this Court, the proceedings before the Magistrate Judge have come to a halt, rendering any further stay of the proceedings unnecessary. Accordingly, the Court finds that Plaintiff's motion for a stay (Dkt. No. 34) should be denied.

CONCLUSION

For these reasons, (1) Plaintiff's Motion for Leave to File Amended Complaint (Dkt. No. 28) is GRANTED; (2) the Magistrate Judge's Orders (Dkt. Nos. 27, 29) are VACATED; (3) Plaintiff's Objection to, and Request for Reconsideration of, Magistrate Judge's Orders, or in the Alternative, Notice of Appeal (Dkt. No. 33) is GRANTED; and (4) Plaintiff's Application to Stay Proceedings Pending Disposition of Magistrate's February 12, 2019 Orders (Dkt. No. 34) is DENIED as MOOT. Plaintiff shall submit his Amended Complaint within 20 days of this Order, and Defendants may respond with either an answer or dispositive motion within the normal time thereafter. This matter is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED this 9th day of April, 2019.

ROBIN J. CAUTHRON
United States District Judge